IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANNIE WEBB,<br>    Plaintiff, | §<br>§<br>§ | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:25-CV-444-P |
| | § | |
| USCIS: CSC, USCIS Lockbox,<br>    Defendants. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING
DEFENDANT'S[1] MOTION TO DISMISS**

Pending before the Court is Defendant United States Citizenship & Immigration Services ("USCIS" or "Defendant")'s Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") [doc. 45], filed October 24, 2025. Having carefully considered the motion, response, reply, and Plaintiff's Third Amended Complaint, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** and that all claims against Defendant be **DISMISSED WITH PREJUDICE**.

**I.    RELEVANT PROCEDURAL BACKGROUND**

On April 23, 2025, *pro se* Plaintiff Annie Webb ("Webb") filed suit again USCIS. In her Third Amended Complaint [doc. 41], which is the live pleading before the Court, Webb asserts a claim under the Rehabilitation Act against "USCIS: CSC" for "the bias denial decision on [her] petition discriminating due to [her] disabilities"[2] and against "USCIS lock box" for initially

---

[1] While Plaintiff is suing USCIS in its capacity as a service center and as a lockbox, the motion to dismiss was filed by the USCIS on behalf of both the service center and the lockbox. Thus, the Court will refer to USCIS in the singular.

[2] As to this claim, Webb, *inter alia*, states:

I was discriminated against when I filed a petition to USCIS:CSC and was denied after giving medical informat[ion] needed to explain why I could not travel. These medical records dated back to 2020 and is on going. . . . This petition was filed March 2024 and I filed a visitor visa for

1

denying[3] "an eligible fee waiver due to low income and hardship."[4]  (Plaintiff's Third Amended Complaint ("Pl.'s Am. Compl.") at 1, 16.)  Webb also claims that her "reasonable accommodations were also denied."  (*Id*, at 16.)   While Webb's Third Amended Complaint, contains very little information regarding her failure to accommodate claim, Webb, in her Response to Defendant's Motion to Dismiss, asserts that she has "been denied reasonable accommodation from USCIS as well as discriminated against in the denial decision."  (Plaintiff's Response to Defendant's Motion to Dismiss ("Pl.'s Resp.") at 1.)  In supports, she states that she is "attaching evidence of the denied reasonable accommodations from USCIS that was ignored as [she] called their office and was told to make a request online and was eventually denied."[5]  (*Id*. (mistakes in original).)  Webb further

---

the beneficiary back in 2023.  We have been waiting for 3 years for the process to be completed but, currently experiences wrongful delay and discrimination due to disability from USCIS.

(Pl.'s Am. Compl. at 2 (mistakes in original).)

[3] According to Webb, the "waiver was eventually approved but it prolonged the time frame that [she] had to appeal the wrongful determination by USCIS."  (Pl.'s Am. Compl. at 16.)

[4] As to her claim that USCIS lock box initially denied her a fee waiver, Webb, *inter alia*, states:

On 4-23-25 I received a phone call from Kimberley Coleman telling me that I cannot file a fee waiver for form I-290b on my appeal.  I have a financial hardship and I provided proof with my snap and medicade information.  She did not listen to my concerns and told me "You were not discriminated.  You did not prove that you and your finance had a relationship," but this information was incorrect the denial only stated that I had to prove a hardship to the two year in person meet.  This conversation intimidated me.  She told me that I am just going to have to refile my entire I-129 form again, even though the USCIS prolong the petition from beginning to end.  I should not have been denied because I did give proof of my extreme hardship with supporting medical records.  She also told me that the exemption for fee waiver is "case* by case basis" which is also the category that I should have fell in since I have financial hardship, below the poverty line, and receive means based benefits.

(Pl.'s Am. Compl. at 8 (mistakes in original).)

[5] In an email dated March 6, 2025, USCIS, noting that Webb had made a "Mobility, Dexterity" accommodation request, stated:

The status of this service request is:

You made an online request using the disability accommodation tool for something unrelated to your health or disability.  Please make your request using the proper online mechanism or by calling the Contact Center at 800-375-5283.

claims, in her response, that USCIS "did not ask why [she] needed the reasonable accommodation and would not allow me to explain by phone." (*Id.*) Webb seeks "damages for this bias denial and the wrongful rejections in the amount of [$]7,000,000, or, the overturn of the decisions by the end of 2025 so that there are no further delays." (Pl.'s Am. Compl. at 2.)

## II.    RELEVANT FACTUAL BACKGROUND

On March 29, 2024, Webb, a United States citizen, filed a Form I-129F, Petition for Alien Fiancé(e) ("Form I-129F Petition"), on behalf of her fiancé, Promise Kelvin Orji ("Orji"), a citizen of Nigeria. (Defendant's Motion to Dismiss ("Def.'s Mot.") at 2; *see* Pl.'s Am. Compl. at 9; Defendant's Appendix in Support of Motion to Dismiss ("Def.'s App.") at 5-17.) In her Form I-129F Petition, Webb requested a waiver from the requirement that her and Orji had met in person within two years preceding Webb's filing of such petition ("two year meet requirement").[6] (Def.'s Mot. at 2; *see* Def.'s App. at 12.) In support of this request, Webb attached multiple medical records to corroborate that she was unable to travel to meet Orji in Nigeria. (*See* Def.'s App. at 21-43.)

Thereafter, in a letter dated January 22, 2025, USCIS requested evidence relating to Webb's request for an exemption to the two year meet requirement. (Def.'s Mot. at 3; *see* Def.'s App. at

---

Please do not use the online disability accommodation request mechanism to make other types of requests.

(Pl.'s Resp. at 5.) In an email dated March 12, 2025, USCIS, noting that Webb had requested an "Accommodation – Other Disability," stated, "The status of this service request is: You used our online disability accommodation request tool, but it is unclear if you are trying to make a disability accommodation request for an upcoming appointment." (*Id*. at 7.)

[6] When adjudicating a Form I-129F Petition, USCIS assesses the following criteria based on the documents submitted by the petitioner: (1) whether the petitioner is, in fact, a qualified United States citizen; (2) whether the couple intends to marry within 90 days of the admission of the fiancé to the United States; (3) whether the petitioner and fiancé are both free to marry; and (4) whether the petitioner and fiancé have met each other, in person, at least once within two years of filing the petition. *See* 8 U.S.C. §§ 1101(a)(15)(K)(i), 1184(d)(1); 8 C.F.R. § 214.2(k)(2). The statute also provides that "the Secretary of Homeland Security in his discretion may waive the requirement that the parties have previously met in person." 8 U.S.C. § 1184(d)(1).

86-88.) By way of response, Webb sent USCIS additional evidence that included, a "Hardship Waiver for Traveling," physician's letters, medical records, and an undated letter from the United States Consulate in Lagos, Nigeria, stating that Orji was "found ineligible for a nonimmigrant visa under Section 214(b) of the U.S. Immigration and Nationality Act." (Def.'s Mot. at 3; *see* Def.'s App. at 89-116.)

USCIS, in a detailed letter dated February 21, 2025, notified Webb that her Form I-129F Petition was denied because she had "not submit[ ] sufficient documentary evidence" warranting eligibility for the exemption from the two year meet requirement. (Def.'s App. at 2-4; *see* Def.'s Mot. at 3.) Subsequently, Webb filed an administrative agency appeal of USCIS' denial decision for which Webb was ultimately granted a filing-fee waiver. (Def.'s App. at 117.) According to Sheila Bays, Associate Portfolio Director for USCIS, Plaintiff's "Motion to Reopen and Reconsider the I-129F denial . . . . remains pending with USCIS." (Def.'s App. at 118-19.)

Defendant, in its Motion to Dismiss, states:

> [A]s explained below, USCIS contends that the Court lacks subject-matter jurisdiction over this controversy because [Rehabilitation Act] Section 504 does not recognize a private right of action to challenge a federal agency for its non-funding activities. And even if the Court strained to recognize such a private right of action exists, subject matter jurisdiction could still not be exercised here because Webb would be required to exhaust her administrative remedies before bringing this action. Accordingly, USCIS believes that the lawsuit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or Rule 12(b)(6).

(Def.'s Mot. at 1-2.) Plaintiff, in her response, asks the Court "not to dismiss [her] complaint with prejudice because [she has] been denied reasonable accommodation from USCIS as well as discriminated against in the denial decision." (Plaintiff's Response to Defendant's Motion to Dismiss ("Pl.'s Resp.") at 1.)

4

### III.    ANALYSIS

Federal Rule of Civil Procedure ("Rule") 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982). However, "a court does not accept as true 'conclusory allegations, unwarranted factual allegations, or legal conclusions.'" *Tex. Health and Hum. Servs. Comm'n v. United States*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016) (quoting *Ferrer v. Chevron Corp*., 484 F.3d 776, 780 (5th Cir. 2007)). "A plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Tex. Health and Hum. Servs. Comm'n*, 193 F. Supp. 3d at 738 (quoting *Twombly*, 550 U.S. at 555).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008). "A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*. (internal quotation marks and citations omitted). As relevant in this case, "[t]he court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg.*

*Corp.*, 748 F.3d 631, 635 (5th Cir. 2014); *see also Texas Health and Hum. Servs. Comm'n v. United States*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016).

The Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, states that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . . ." 29 U.S.C. § 794(a) (also referred to as Section 504(a)). The Rehabilitation Act prohibits disability discrimination by three types of actors: (1) federal agencies in their capacities as employers (the "federal-employer provision") (*see* 29 U.S.C. § 791); (2) by entities that receive federal financial assistance to run a program or activity (the "funding-recipient provision") (see 29 U.S.C. § 794(a)); and (3) by any Executive agency that conducts any program or activity (the "program-conductor provision") (*see* 29 U.S.C. § 794(a)). *Mathis v. U.S. Parole Comm'n*, 749 F. Supp. 3d 8, 17 (D.D.C. 2024). Webb does not dispute that USCIS falls under the third prong program-conductor provision as it is an Executive agency under the Department of Homeland Security that "is responsible for adjudicating immigration and naturalization applications and establishing immigration services policies." *Gonzales v. U.S. Dep't of Homeland Sec.*, No. C06-1411P, 2006 WL 8454969, at *1 (W.D. Wash. Oct. 11, 2006).

As set forth by USCIS, the first issue is whether the Rehabilitation Act creates a private right of action that allows Webb to sue USCIS, a federal agency, for non-employment, non-funding actions related to USCIS' handling of Webb's Form I-129F Petition. (*See* Def.'s Mot. at 10-12.) This question, however, is not easily answered as the United States Court of Appeals for the Fifth Circuit does not appear to have ruled on this issue and other courts across the country have reached multiple conclusions. *See*, *e.g.*, *Moya v. U.S. Dep't of Homeland Sec.*, 975 F.3d 120, 128 (2d Cir.

2020) ("The [Rehabilitation Act] does not . . . create an express right of action allowing private parties to sue agencies for discriminatory regulations . . . ."); *Doe A. v. Spahn*, No. 1:23-cv-02859 (CJN), 2025 WL 1305360, at *4 (D.D.C. May 6, 2025) (finding, after noting a split among judges in the district courts in the District of Columbia, that the Rehabilitation Act "does not create a private right of action to sue a federal agency (such as the Peace Corps) . . . for non-employment, non-funding actions"); *Mathis*, 749 F. Supp. 3d at 21 (noting that, while the District of Columbia Circuit has not analyzed the issue, the "weight of circuit authority cuts against an implied private remedy [under the Rehabilitation Act] for the program-conductor provision" as the First, Second, and Fourth Circuits have "found no implied right" even though the Ninth Circuit did find an implied right);[7] *Nat'l Assn. of Deaf v. Trump*, 808 F. Supp. 3d 150, 153 (D.D.C. 2025) (finding that Plaintiffs were likely to succeed on their Rehabilitation Act claim based on either that courts have concluded that there is a private right of action under such Act or that the prohibition under the Act is enforceable through a court's "inherent equitable power").

However, even assuming without deciding that the Rehabilitation Act creates a private right of action that allows Webb to sue USCIS for alleged disability discrimination in the handling of her Form I-129F Petition, Webb, to survive the pending motion to dismiss, must still state a claim upon which relief can be granted under the Rehabilitation Act. To establish a *prima-facie* case of disability discrimination under Section 504 of the Act, Webb must show the following: (1) she is an individual with a disability; (2) she is otherwise qualified for participating in the program; and (3) she is being excluded from participation in, being denied the benefits of, or being subjected

---

[7] While the Court in *Mathis* found that Plaintiffs had no implied private cause of action under the Rehabilitation Act, the Court ultimately held that its equitable jurisdiction was available to afford relief under such Act. *Mathis*, 749 F. Supp. 3d at 17-24.

to discrimination under the program[8] because of her disability; and (4) the relevant program is receiving federal financial assistance. *See Garza Marroquin v. Garcia Longoria*, No. 5:20-CV-54, 2021 WL 1179008, at \*3 (S.D. Tex. Mar. 29, 2021); *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020); *Pinkerton v. Spellings*, 529 F.3d 513, 516 (5th Cir. 2008) (stating that under Section 504 of the Rehabilitation Act, the "causation standard is settled" and the "solely by reason of language is the correct standard for determining [in a jury trial] whether a violation of the provision has occurred") (internal quotation marks and citations omitted).

Moreover, "[t]o succeed on a failure-to-accommodate claim, a plaintiff must prove: (1) [s]he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Frazier-Barnes v. McDonough*, No. 22-60383, 2023 WL 3197059, at \*5 (5th Cir. May 2, 2023) (alterations in original).  For a failure-to-accommodate claim, Plaintiff ultimately bears the burden of proving, *inter alia*, that her request for an accommodation was in "direct and specific" terms. *Windham v. Harris Cnty.*, *Tex.*, 875 F.3d 229, 237 (5th Cir. 2017).

As to her disability discrimination claim, Webb, at the very least, has failed to make any non-conclusory factual allegations that she was denied benefits or subjected to discrimination *because of* her disability.  *Doe v. Steward Health Care Systems LLC*, No. 4:18-CV-00394, 2018 WL 4233816, at \*10 (S.D. Tex. July 31, 2018); *see also White v. U.S.*, No. 3:12-CV-4403-G, 2015 WL 568974, at \*3 (N.D. Tex. Feb. 10, 2015) (Plaintiff's Section 504 claim is denied because "[Plaintiff] failed to prove [in response to a motion for summary judgment] that she was denied

---

[8] *See S.B. on behalf of S.B. v. Jefferson Parish Sch. Brd.*, No. 22-30139, 2023 WL 3723625, at \*3 (5th Cir. May 30, 2023) (noting that, at the *motion to dismiss stage*, a plaintiff asserting a claim under, *inter alia*. Section 504 of the Rehabilitation Act must "plead facts making it plausible that she was discriminated against because of—but not necessarily *solely* because of—her disability") (internal quotation marks and citations omitted); *Zimmer v. Estrada*, No. 3:24-cv-2505-G-BN, 2025 WL 3899250, at \*4 (N.D. Tex. Nov. 13, 2025).

any visa for [her husband] solely because of her disability.") Instead, Webb makes general and conclusory allegations that, after she submitted the required and requested medical evidence to USCIS to support her request for an exemption to the two year meet requirement, her Form I-129F Petition was discriminatorily denied because of the disabilities set forth in such evidence. Although Webb attempts to tie her discrimination claim to, *inter alia*, statements made by Kimberly Coleman, an employee of Defendant, such statements provide no support that her Form I-129F Petition was denied *because of* Webb's disabilities. To the contrary, Webb's conclusory allegations are "legal conclusions couched as factual allegations" and are "insufficient to survive a motion to dismiss." *Landry v. St. Tammany Parish School Brd.*, No. 24-2096, 2025 WL 1742202, at *4 (E.D. La. June 5, 2025).

As to her failure to accommodate claim, Webb fails to specify what reasonable accommodation she requested and how USCIS failed to make such accommodation. While she claims in her response that her request for accommodation was ignored and eventually denied (*see* Pl.'s Resp. at 1.), she does not include any factual allegations in support of this claim. As to the emails from USCIS that Plaintiff attaches to her response regarding accommodation requests, these emails show that USCIS responded to such requests and either directed her not to make such a request as it was not related to her health or disability or gave her further information on how to proceed because such accommodation request was unclear. These emails show, at the very least, that Plaintiff's alleged request for an accommodation was far from being direct and specific.

Because Webb has failed to allege: (1) anything other than the mere possibility that Defendant discriminated against her based on her disability or (2) any facts specifying the kind of accommodation she sought, the Court **FINDS and CONCLUDES** that Webb has failed to state a claim against Defendant under the Rehabilitation Act. Thus, the Court **RECOMMENDS** that

Defendant's Motion to Dismiss [doc. 45] be **GRANTED** and all claims against Defendant be **DISMISSED WITH PREJUDICE**.[9]

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[9] The Court notes that a *pro se* litigant should generally be offered an opportunity to amend her complaint before it is dismissed. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Brewster*, 587 F.3d at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where such an amendment would be futile. *See Clements v. Bank*, No. 6:20-CV-00821, 2021 WL 4483829, at *3 (W.D. La. Sept. 29, 2021) ("Since [Plaintiff] has previously been granted leave to amend his complaint to cure these defects, the Court concludes that any further attempt to an amendment would be futile.") In this case, Plaintiff has already been given the opportunity to file multiple amended complaint. As a result, the Court finds and concludes that Plaintiff has pled her best case and the granting of any additional leave for Plaintiff to amend her claims would be futile.

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 30, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 16, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

11